*E-FILED - 1/27/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TROY DOMINIC MABON, JR., | ) | No. C 09-2817 RMW (PR) |
| Petitioner, | ) ) | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING |
| v. | ) ) | CERTIFICATE OF APPEALABILITY |
| JOHN W. HARVEY, | ) ) | |
| Respondent. | ) ) | (Docket Nos. 14, 15) |

Petitioner, a California prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent has moved to dismiss the petition as untimely.[1] Petitioner has filed an opposition. Respondent has not filed a reply. Having reviewed the papers and the underlying record, the court concludes that the petition is untimely, GRANTS respondent's motion to dismiss, and DISMISSES the petition.

**BACKGROUND**

On February 4, 2005, petitioner was sentenced in Alameda County Superior Court to fifty years to life for first degree murder and related charges. (Petition at 2; Mot. at 2.) On October 24, 2006, the California Court of Appeal affirmed. (Mot., Ex. 1.) On February 7, 2007, the California Supreme Court denied review. (Mot., Ex. 2.) Petitioner did not file a petition for certiorari to the United States Supreme Court. At the end of March 2008, petitioner filed a state habeas petition in

---

[1] Respondent's May 3, 2010 motion for an extension of time is GRANTED. Respondent's June 1, 2010 motion to dismiss is deemed timely filed.

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.09\Mabon817mtdtime.wpd

superior court, which was denied as untimely and on the merits. (Opp. at 2; Mot., Ex. 3.) Petitioner then filed a state habeas petition in the California Court of Appeal on June 6, 2008, which was denied on June 25, 2008. (Mot. at 2.) The California Supreme Court also denied petitioner's state habeas petition on June 10, 2009. (Opp., Ex. 5.) Petitioner thereafter filed the instant petition on June 12, 2009. See Houston v. Lack, 487 U.S. 266, 276 (1988).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

"Direct review" includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Here, petitioner's conviction became final on May 8, 2007, ninety days after the California Supreme Court denied his petition for review. See id. Thus, pursuant to 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period began to run the following day, and expired one year later, on May 8, 2008. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). The instant petition was filed over two years later, on June 12, 2010. See Lack, 487 U.S. at 276. Thus, absent tolling,

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.09\Mabon817mtdtime.wpd        2

the instant petition is untimely.

      The one-year statute of limitations is tolled under § 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)).  Here, petitioner argues that his March 2008 state habeas petition filed in the superior court should toll the statute.  However, as respondent points out, the superior court denied the petition as untimely.  (Mot., Ex. 3.)  "The Supreme Court has made it clear that '[w]hen a postconviction [habeas] petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).'" White v. Martel, 601 F.3d 882, 883 (9th Cir. 2010) (per curiam) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)).  Thus, because the superior court determined that petitioner's state habeas petition was untimely under state law, the petition was not a "properly filed" state petition that statutorily tolled the statute of limitation.  See White, 601 F.3d at 884.  Petitioner's state habeas petitions to the California Court of Appeal and the California Supreme Court also do not statutorily toll the one-year limitation period because they were filed after its expiration, i.e., May 8, 2008.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).  Thus, because statutory tolling does not render the petition timely, the court must decide whether equitable tolling saves the petition.

      The Supreme Court has determined that § 2244(d) is subject to equitable tolling in appropriate cases.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  In Holland, the Supreme Court relied on the standard set forth in its earlier decision in Pace, that "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace, 544 U.S. at 418); accord Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." Holland, 130 S. Ct. at 2565.

The Ninth Circuit has held that the petitioner bears the burden of showing that "'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (holding that where prisoner fails to show causal connection between self-representation on direct appeal or physical and mental disabilities and inability to timely file petition, district court's finding that he was not entitled to equitable tolling where he had earlier filed a state habeas petition was not clear error). He must, furthermore, show that his untimeliness was caused by an external impediment and not by his own lack of diligence. Bryant v. Arizona Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007) (no equitable tolling where petitioner was not diligent in that he failed to seek any state court relief for six years, or to take advantage of available paralegal assistance).

Petitioner argues that the statute of limitations should be equitably tolled from May 8, 2007 through March 2008 because: (1) he was affirmatively misled by the state that he would receive statutory tolling; (2) he diligently pursued his ineffective assistance of counsel claims once he learned the legal basis for them; and (3) he was denied access to the law library due to prison lockdowns.

Petitioner claims that he was affirmatively misled by the state into believing that his state habeas petitions would toll the statute of limitation. He implies that he relied on existing precedent and believed that his statute of limitation would be tolled when he filed a state habeas petition. (Opp. at 6-8.) However, by the time petitioner's conviction became final, both Pace and Bonner v. Carey, 425 F.3d 1145 (9th Cir. 2005), had already been decided. Both of those cases put petitioner on notice that a state court's determination that a state habeas petition is untimely does not toll the statute of limitation. Moreover, both cases advised that prisoners might avoid the risk of having the federal statute of limitations expire while they are exhausting their state remedies "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace, 544 U.S. at 416 (citing Rhines v. Weber, 544 U.S. 269, 277 (2005)); Bonner, 425 F.3d at 1149 n.20. Accordingly, petitioner was not justified in

1  assuming that his statute of limitation would be tolled, and is not entitled to equitable tolling on this
2  ground.  See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011-12 (9th Cir. 2009) (340 days of
3  equitable tolling not warranted for alleged confusion about the basis of state court rulings and about
4  the AEDPA where petitioner filed a motion before the deadline showing he knew the AEDPA
5  deadline to file his petition; petitioner's "alleged belief he was entitled to statutory tolling beyond
6  that date was based on his own assumptions, and a diligent petitioner in that situation would have
7  filed a basic form habeas petition as soon as possible").
8        Petitioner's claim that he diligently pursued his ineffective assistance claims once he learned
9  the legal basis for them is also unavailing.  It is firmly established that a prisoner's lack of legal
10 sophistication does not, by itself, constitute extraordinary circumstances warranting equitable
11 tolling. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see also Waldron-Ramsey, 556
12 F.3d at 1012 n.4 ("[W]e have held that a pro se petitioner's confusion or ignorance of the law is not,
13 itself, a circumstance warranting equitable tolling.").  Petitioner therefore is not entitled to equitable
14 tolling on this ground.  Petitioner was clearly aware of the conduct of trial counsel giving rise to his
15 claims for ineffective assistance during counsel's representation of him.  That petitioner failed to
16 appreciate the legal significance of these known facts does not justify equitable tolling.  Still, even
17 assuming that petitioner did not learn of the legal basis for his claim until January 2008 (Opp. Ex. 7,
18 Declaration of Inmate Rahsaan Thomas), petitioner still had four months -- until May 7, 2008 -- in
19 which he could have filed a timely federal habeas petition.  Thus, petitioner has not shown has this
20 delay in learning of the legal basis for his claims prevented him from timely filing a federal petition
   or how it caused his untimeliness.  See Holland, 130 S. Ct. at 2562; Gaston, 417 F.3d at 1034-35.
21       Finally, petitioner claims that he was prevented from filing his petition on time because he
22 was subject to repeated lockdowns, disabling him to use the law library, and the law library had
23 limited open hours.  However, he fails to state sufficient facts to justify equitable tolling on this
24 basis.  He does not specify any dates of the alleged lockdowns, nor does he provide any other
25 documentary evidence of limited library access.  Moreover, petitioner does not establish a
26 connection between his lack of access to the prison law library and his inability to file a timely
27 federal petition.  "[O]rdinary prison limitations on . . . access to the law library" do not constitute
28 extraordinary circumstances or make it impossible to file on time.  See Ramirez v. Yates, 571 F.3d

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.09\Mabon817mtdtime.wpd          5

993, 998 (9th Cir. 2009). Even assuming that petitioner had some undetermined minimum amount of access to the law library, petitioner concedes that he completed his habeas petition in January 2008, at least four months prior to the expiration of his statute of limitation. (Opp. at 10.) However, rather than file it with the state or federal courts, he gave it to Inmate Thomas to review and Thomas suggested that he re-write the petition because his legal claim should be one of ineffective assistance of counsel rather than prosecutorial misconduct. (Opp. at 10-11.) Based on this advice, petitioner re-wrote the petition and did not file it with the superior court until March 2008. (Id.) Petitioner's own statements thus contradict his allegations that some extraordinary circumstance prevented him from filing his federal petition on time. See also Ramirez, 571 F.3d at 998 (considering fact that prisoner made legal filings in state court during relevant time period in concluding that limited law library and copier access did not make it impossible for him to file federal petition on time).

Accordingly, because petitioner is not entitled to statutory or equitable tolling, his federal habeas petition is untimely.

## CONCLUSION

Respondent's motion to dismiss is GRANTED and the petition is DISMISSED. The Clerk shall enter judgment and close the file.

## CERTIFICATE OF APPEALABILITY

For the reasons set out in the discussion above, petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: 1/25/11

_Ronald M. Whyte_
RONALD M. WHYTE
United States District Judge