IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TROY DOMINIC MABON, JR., | ) | No. C 09-2817 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
| v. | ) | |
| | ) | |
| JOHN W. HARVEY, | ) | |
| | ) | (Docket No. 32) |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 27, 2011, the court granted respondent's motion to dismiss the petition as untimely and entered judgment. On October 23, 2012, the Ninth Circuit Court of Appeal denied a certificate of appealability and dismissed petitioner's appeal. To date no mandate has issued. Thus, the court construes petitioner's motion to recall the mandate as a motion for reconsideration. So construed, the motion is DENIED.

Federal Rule of Civil Procedure 60(b)(6) affords courts the discretion and power "to vacate judgments whenever such action is appropriate to accomplish justice." Phelps v. Alameida, 569 F.3d 1120, 1135 (9th Cir. 2009). In applying Rule 60(b)(6) to petitions for habeas corpus, the Ninth Circuit has considered the following factors to guide its exercise of its Rule 60(b)(6) discretion: (1) a showing of extraordinary circumstances, such as a change in

Order Denying Motion for Reconsideration
P:\PRO-SE\RMW\HC old\HC.09\Mabon817postjudg.wpd

1  intervening law; (2) the petitioner's exercise of diligence in pursuing the issue during federal
2  habeas proceedings; (3) interest in finality; (4) delay between the finality of the judgment and the
3  motion for Rule 60(b)(6) relief; (5) degree of connection between the extraordinary circumstance
4  and the decision for which reconsideration is sought; and (6) comity. See Phelps, 569 F.3d at
5  1135.

6  Here, petitioner claims that appellate counsel failed to give petitioner his trial transcripts
7  until November 2007. (Mot. at 3.) Notwithstanding the fact that petitioner still had until May 8,
8  2008, to file his federal habeas petition, petitioner had the opportunity to proffer this argument in
9  his opposition to the motion to dismiss but failed to do so. Petitioner next argues that the
10 opinion in Martinez v. Ryan, 132 S. Ct. 1309 (2012), should apply to him. However, the
11 Martinez Court dealt with whether ineffective post-conviction counsel in a collateral proceeding
12 could constitute cause for a procedural default. Id. at 1315; see also Ha Van Nguyen v. Curry,
13 736 F.3d 1287, 1293-95 (9th Cir. 2013) (extending the holding in Martinez to apply to cases
14 where the underlying ineffective assistance of counsel is by appellate counsel rather than trial
15 counsel). Thus, Martinez does not address the timeliness of a habeas petition.

16 Accordingly, petitioner has not shown extraordinary circumstances warranting
17 reconsideration, nor has he demonstrated diligence in pursuing this issue when the case was still
18 open, or proffered any reason why the court should reconsider the judgment nearly four years
19 after it issued. The motion for reconsideration is DENIED. No further filings shall be accepted
20 in this closed case.

21 This order terminates docket number 32.

22 IT IS SO ORDERED.
23 DATED: _____         _____
                                    RONALD M. WHYTE
24                                  United States District Judge

25
26
27
28

Order Denying Motion for Reconsideration
P:\PRO-SE\RMW\HC old\HC.09\Mabon817postjudg.wpd

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


TROY D. MABON,

        Plaintiff,

  v.

JOHN W. HARVEY et al,

        Defendant.

Case Number: CV09-02817 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 12, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Troy Dominic Mabon V-70737
North Kern State Prison
A3-139L
P.O. Box 5000
Delano, CA 93216

Dated: November 12, 2014

                                  Richard W. Wieking, Clerk
                                  By: Jackie Lynn Garcia, Deputy Clerk